IN THE INTEREST OF A.G.
No. 27637.
Intermediate Court of Appeals of Hawaii.
March 12, 2007.
On the briefs:
David G. Feldstein, Pro Se Stepfather-Appellant.
Susan B. Brandon and Mary Anne Magnier, Deputy Attorneys General, for Petitioner-Appellee.

MEMORANDUM OPINION
BURNS, C.J., WATANABE and NAKAMURA, JJ.
A.G. is a male child born in Uruguay on October 23, 1997. Appellant is not the biological father of A. G. Appellant married the mother (Mother) of A.G. on July 18, 2002. Therefore, Appellant is the stepfather (Stepfather) of A.G.
Stepfather appeals from the (1) September 30, 2005 (a) Order Awarding Permanent Custody and (b) Letters of Permanent Custody, and (2) November 3, 2005 Orders Concerning Child Protective Act entered in the Family Court of the First Circuit. We affirm.

BACKGROUND
On January 2, 2003, A.G. was taken into protective custody by the police. The State of Hawaii Department of Human Services (DHS) commenced this Hawaii Revised Statutes (HRS) Chapter 587 Child Protective Act case on January 7, 2003. Two days later, the court entered a stipulated order awarding DHS foster custody of A.G.
On November 5, 2004, DHS filed a Motion for Order Awarding Permanent Custody and Establishing a Permanent Plan. More than ten months later, on September 29 and 30, 2005, Judge William K. Wallace, III. presided over a trial. On September 30, 2005, Judge Wallace entered Orders Concerning Child Protective Act stating in part:
C DHS orally moved to dismiss Stepfather as a party, subject to recall if further reunification efforts were ordered after the trial on the Motion for Permanent Custody;
D The court finds that inasmuch as Stepfather is neither the legal or natural father of the child, he is not a necessary party to the contested permanent plan hearing (trial on the Motion for Permanent Custody);
E The court finds that Stepfather's past participation in the permanent plan and related proceedings has contributed to the delay in the disposition of the DHS Motion for Permanent Custody filed November 5, 2004, and the court will exercise its discretion in favor of the DHS request for dismissal;
THEREFORE, IT IS HEREBY ORDERED THAT:
. . . .
2 The DHS motion to dismiss Stepfather as a party subject to recall is granted. Stepfather is excused from today's and all future proceedings unless summoned to appear.
On September 30, 2005, Judge Wallace entered the Order Awarding Permanent Custody[1] which terminated Mother's parental and custodial duties and rights with respect to A.G. and ordered a permanent plan into effect.
On October 13, 2005, Stepfather filed a motion for reconsideration. This motion was denied by the November 3, 2005 Orders Concerning Child Protective Act.
On December 5, 2005, Stepfather filed a notice of appeal. On December 28, 2005, Judge Wallace entered Findings of Fact and Conclusions of Law (FsOF and CsOL). The FsOF state in part:
20. At the outset of the September 29, 2005 proceedings, the court granted the DHS oral motion to dismiss Stepfather as a party, subject to recall if further reunification efforts were ordered after trial, because he has [sic] is neither the legal nor natural father of the child and is therefore not a necessary party . . . to the contested permanent plan hearing, and because Stepfather's past participation in the proceedings contributed to the delay in the disposition of the DHS Motion for Order Awarding Permanent Custody and Establishing a Permanent Plan, filed November 5, 2004.
. . . .
25. On September 30, 2005, testimony was received from Stepfather . . . , Mother . . . , and the GAL, . . .
29. Stepfather filed a timely Motion for Reconsideration of the September 29 and 30, 2005 orders on October 13, 2005, which did not offer any new evidence or argument.
POINT ON APPEAL
In his opening brief, Stepfather contends:
Never did CPS or the Family Court address Stepfather's rights under the Local Paternal doctrine and the removal of those rights. The Loco Paternal doctrine gave Stepfather parental rights and this court did nothing to remove them. QUESTION? Does Stepfather still have parental rights with the child [A.G.]?
(Quoted as appears in original.)

DISCUSSION
The Hawaii Supreme Court has stated:
Hawaii's statutory scheme facilitating the termination of parental rights [i.e., Part VI of HRS chapter 571] initially takes parents' rights and interests into account before turning to the child's. In the case of involuntary termination, it is only after the parents have demonstrated some form of "unfitness" as defined by the legislature in HRS § 571-61(b) that the state intervenes as parens patriae and considers the best interests of the child. The statute thus gives proper regard to the rights of parents before allowing termination, consistent with due process principles.
Woodruff v. Keale, 64 Haw. 85, 99, 637 P.2d 760, 769 (1981).
This court has stated:
A child's stepparent is not the child's parent. A child's stepparent who has not been lawfully appointed as the guardian of the child's person by the family court pursuant to HRS § 551-1 (1985) is not the child's guardian. The status of being a child's stepparent does not confer any legal rights upon the stepparent with respect to the child. HRS § 577-4 (1985) requires a stepparent to support the stepparent's stepchild only when: (1) the child resides with the stepparent; (2) the legal parents desert the child or are unable to support the child, thereby reducing the child to destitute and necessitous circumstances; and (3) the stepparent acts in loco parentis to the child. Stepparents have no rights with respect to the involuntary termination of parental rights, HRS § 571-61(b) (1985), or adoptions. HRS § 578-2 (Supp.1992).
State v. Alagao, 77 Hawaii 260, 263, 883 P.2d 682, 685 (App. 1994).
Although a stepparent has no parental rights, a stepparent has various statutory rights and obligations to be involved in court proceedings pertaining to his or her stepchild depending on the subject of the court proceedings.[2]
HRS § 587-32(a) requires the court, after a Child Protective Act petition has been filed, to "issue a summons requiring a child's family member or members who have legal or physical custody of the child at the time of the filing of the petition to bring the child before the court at the temporary foster custody hearing or on the return date set forth in the summons." HRS § 587-2 includes within its definition of "Party" (1) "the child's family member or members who are required to be summoned pursuant to section 587-32(a)" and (2) "any other person who is alleged in the petition filed under this chapter or who is subsequently determined at any child protective proceeding to be encouraging, causing, or contributing to the acts or conditions which bring the child within this chapter, and who has been duly served with a summons and a copy of the petition filed under this chapter[.]" The HRS § 587-2 definitial of "Party" also provides that "the court may limit a party's right to participate in any child protective proceeding if the court deems such limitation of such party's participation to be consistent with the best interests of the child and such party is not a family member who is required to be summoned pursuant to section 587-32(a) [.]"
Is Stepfather "a family member who is required to be summoned pursuant to section 587-32(a)?" The answer is no. Is the factual basis of FOF no. 20, which was entered on December 28, 2005, clearly erroneous? The answer is no. Did the family court abuse its discretion when it terminated Stepfather's status as a party in the case? The answer is no.

CONCLUSION
Accordingly, we affirm (1) the September 30, 2005 (a) Order Awarding Permanent Custody and (b) Letters of Permanent Custody, and (2) the November 3, 2005 Orders Concerning Child Protective Act.
NOTES
[1] The Hawaii Revised Statutes and the subjects of the court proceedings are numerous.

§ 577-4 Stepparent; when required to support stepchild. A stepparent who acts in loco parentis is bound to provide, maintain, and support the stepparent's stepchild during the residence of the child with the stepparent if the legal parents desert the child or are unable to support the child, thereby reducing the child to destitute and necessitous circumstances.
§ 578-2 Consent to adoption. (a) Persons required to consent to adoption. Unless consent is not required or is dispensed with under subsection (c) hereof, a petition to adopt a child may be granted only if written consent to the proposed adoption has been executed by:
(1) The mother of the child;
(2) A legal father as to whom the child is a legitimate child;
(3) An adjudicated father whose relationship to the child has been determined by a court;
(4) A presumed father under section 578-2(d);
(5) A concerned natural father who is not the legal, adjudicated, or presumed father but who has demonstrated a reasonable degree of interest, concern or responsibility as to the welfare of a child,
. . . .
. . . .
. . . .
(c) Persons as to whom consent not required or whose consent may be dispensed with by order of the court.
. . . .
(2) Persons whose consent may be dispensed with by order of the court. The court may dispense with the consent of a parent who comes within subsection (a) (3), (4), or (5) herein, upon finding that:
(A) The petitioner is the stepfather of the child and the child has lived with the child's legal mother and the petitioning stepfather for a period of at least one year[.]
HRS Chapter 584 is Hawaii's Uniform Parentage Act.
[§ 584-1] Parent and child relationship defined. As used in this chapter, "parent and child relationship" includes the legal relationship existing between a child and the child's natural mother, between a child and father whose relationship as parent and child is established under this chapter, or between a child and the child's adoptive parents, incident to which the law confers or imposes rights, privileges, duties, and obligations.
HRS Chapter 587 is Hawai'i's Child Protective Act.
[§ 587-2 Definitions. When used in this chapter, unless the context otherwise requires:
. . . .
"Family" means each legal parent, the natural mother, the natural father, the adjudicated, presumed, or concerned natural father as defined under section 578-2, each parent's spouse, or former spouses, each sibling or person related by consanguinity or marriage, each person residing in the same dwelling unit, and any other person who or legal entity which is a child's legal or physical custodian or guardian, or who is otherwise responsible for the child's care, other than an authorized agency which assumes such a legal status or relationship with the child under this chapter.
"Family home" means the home of the child's legal custodian where there is the provision of care for the child's physical and psychological health and welfare.
. . . .
"Party" means an authorized agency, the child, the child's family member or members who are required to be summoned pursuant to section 587-32(a), any other member of the child's family, or any other person who is alleged in the petition filed under this chapter or who is subsequently determined at any child protective proceeding to be encouraging, causing, or contributing to the acts or conditions which bring the child within this chapter, and who has been duly served with a summons and a copy of the petition filed under this chapter; provided that the court may limit a party's right to participate in any child protective proceeding if the court deems such limitation of such party's participation to be consistent with the best interests of the child and such party is not a family member who is required to be summoned pursuant to section 587-32(a), except as is provided in section 587-73(b) (4).
"Permanent custody" means the legal status created under this chapter by order of the court after the court has considered the criteria set forth in section 587-73(a) or (e) and determined by clear and convincing evidence that it is in the best interests of the child to order a permanent plan concerning the child.
(1) Permanent custody divests from each legal custodian and family member who has been summoned pursuant to section 587-32(a), and vests in a permanent custodian, each of the parental and custodial duties and rights of a legal custodian and family member, including, but not limited to, the following:
(A) To determine where and with whom the child shall live; provided that the child shall not be placed outside the State without prior order of the court;
. . . .
(E) To provide consent to adoption, change of name pursuant to section 574-5, or to marriage;
. . . .
(2) Unless otherwise ordered by the court, a child's family member shall retain, to the extent that the family member possessed the responsibility prior to the transfer of permanent custody, the continuing responsibility for support of the child, including, but not limited to, repayment for the cost of any and all care, treatment, or any other service supplied or provided by the permanent custodian, any subsequent permanent custodian, other authorized agency, or the court for the child's benefit;
(3) A family member may be permitted visitation with the child at the discretion of the permanent custodian; provided that the exercise of such discretion may be reviewed by the court and the court may order that a family member be permitted such visitation as is in the best interests of the child;
(4) An order of permanent custody entered under this chapter shall not operate to terminate the mutual rights of inheritance of the child and the child's family members or any other benefit to which the child may be entitled, unless and until the child has been legally adopted;
(5) The court, in its discretion, may vest permanent custody of a child in an authorized agency or in subsequent authorized agencies as is deemed to be in the best interests of the child).)
§ 587-32 Summons. (a) After a petition has been filed, the court shall issue a summons requiring a child's family member or members who have legal or physical custody of the child at the time of the filing of the petition to bring the child before the court at the temporary foster custody hearing or on the return date set forth in the summons. In addition, any legal parent, the natural mother (unless the child has been the subject of an adoption), the adjudicated, presumed, or concerned natural father of the child as defined under section 578-2 (unless the child has been the subject of an adoption), and other persons who are to be parties to the child protective proceeding at the time of the filing of the petition also shall be summoned, in the manner provided in this section.
(b) A certified copy of the petition shall be attached to each summons.
(c) The summons shall notify the parties of their right to retain and be represented by counsel.
(d) The summons shall state: "YOUR PARENTAL AND CUSTODIAL DUTIES AND RIGHTS CONCERNING THE CHILD OR CHILDREN WHO ARE THE SUBJECT OF THE ATTACHED PETITION MAY BE TERMINATED BY AWARD OF PERMANENT CUSTODY IF YOU FAIL TO APPEAR ON THE DATE SET FORTH IN THIS SUMMONS."
§ 587-72 Review hearings. (a) Except for good cause shown, the court shall set each case for review hearing not later than six months after the date that a service plan is ordered by the court and, thereafter, the court shall set subsequent review hearings at intervals of no longer than six months until the court's jurisdiction has been terminated or the court has ordered a permanent plan and has set the case for a permanent plan review hearing; the court may set a case for a review hearing upon the motion of a party at any time if the hearing is deemed by the court to be in the best interests of the child.
(b) Notice of review hearings shall be served upon the parties and upon the present foster parent or parents, each of whom shall be entitled to participate in the proceedings as a party. Notice of the review hearing shall be served by the department upon the present foster parent or parents no less than forty-eight hours before the scheduled hearing. No hearing shall be held until the foster parent or parents are served. For purposes of this subsection, notice to foster parents may be effected by hand delivery or by regular mail; and may consist of the last court order, if it includes the date and time of the hearing.
(c) Upon each review hearing the court shall consider fully all relevant prior and current information pertaining to the safe family home guidelines, as set forth in section 587-25, including but not limited to the report submitted pursuant to section 587-40, and:
(1) Determine whether the child's family is presently willing and able to provide the child with a safe family home without the assistance of a service plan and, if so, the court shall terminate jurisdiction;
(2) Determine whether the child's family is presently willing and able to provide the child with a safe family home with the assistance of a service plan and, if so, the court shall return the child or continue the placement of the child in the child's family home under the family supervision of the appropriate authorized agency;
(3) If the child's family home is determined, pursuant to subsection (c) (2) not to be safe, even with the assistance of a service plan, order that the child remain or be placed under the foster custody of the appropriate authorized agency;
(4) Determine whether the parties have complied with, performed, and completed every term and condition of the service plan that was previously court ordered;
(5) Order revisions to the existing service plan, after satisfying section 587-71(h), as the court, upon a hearing that the court deems to be appropriate, determines to be in the best interests of the child; provided that a copy of the revised service plan shall be incorporated as part of the order).]
§ 587-73 Permanent plan hearing. (a) At the permanent plan hearing, the court shall consider fully all relevant prior and current information pertaining to the safe family home guidelines, as set forth in section 587-25, including but not limited to the report or reports submitted pursuant to section 587-40, and determine whether there exists clear and convincing evidence that:
(1) The child's legal mother, legal father, adjudicated, presumed, or concerned natural father as defined under chapter 578 are not presently willing and able to provide the child with a safe family home, even with the assistance of a service plan;
(2) It is not reasonably foreseeable that the child's legal mother, legal father, adjudicated, presumed, or concerned natural father as defined under chapter 578 will become willing and able to provide the child with a safe family home, even with the assistance of a service plan, within a reasonable period of time which shall not exceed two years from the date upon which the child was first placed under foster custody by the court;
(3) The proposed permanent plan will assist in achieving the goal which is in the best interests of the child; provided that the court shall presume that:
(A) It is in the best interests of a child to be promptly and permanently placed with responsible and competent substitute parents and families in safe and secure homes; and
(B) The presumption increases in importance proportionate to the youth of the child upon the date that the child was first placed under foster custody by the court; and
(4) If the child has reached the age of fourteen, the child consents to the permanent plan, unless the court, after consulting with the child in camera, finds that it is in the best interest of the child to dispense with the child's consent.
(b) If the court determines that the criteria set forth in subsection (a) are established by clear and convincing evidence, the court shall order:
(1) That the existing service plan be terminated and that the prior award of foster custody be revoked;
(2) That permanent custody be awarded to an appropriate authorized agency;
(3) That an appropriate permanent plan be implemented concerning the child whereby the child will:
(A) Be adopted pursuant to chapter 578; provided that the court shall presume that it is in the best interests of the child to be adopted, unless the child is or will be in the home of family or a person who has become as family and who for good cause is unwilling or unable to adopt the child but is committed to and is capable of being the child's guardian or permanent custodian;
(B) Be placed under guardianship pursuant to chapter 560; or
(C) Remain in permanent custody until the child is subsequently adopted, placed under a guardianship, or reaches the age of majority, and that such status shall not be subject to modification or revocation except upon a showing of extraordinary circumstances to the court;
(4) That such further orders as the court deems to be in the best interests of the child, including, but not limited to, restricting or excluding unnecessary parties from participating in adoption or other subsequent proceedings, be entered; and
(5) Until adoption or guardianship is ordered, that each case be set for a permanent plan review hearing not later than one year after the date that a permanent plan is ordered by the court, or sooner if required by federal law, and thereafter, that subsequent permanent plan review hearings be set not later than each year, or sooner if required by federal law; provided that at each permanent plan review hearing, the court shall review the existing permanent plan and enter such further orders as are deemed to be in the best interests of the child.
(c) If the court determines that the criteria set forth in subsection (a) are not established by clear and convincing evidence, the court shall order that:
(1) The permanent plan hearing be continued for a reasonable period of time not to exceed six months from the date of the continuance or the case be set for a review hearing within six months;
(2) The existing service plan be revised as the court, upon such hearing as the court deems to be appropriate and after ensuring that the requirement of section 587-71(h) is satisfied, determines to be in the best interests of the child; provided that a copy of the revised service plan shall be incorporated as part of the order;
(3) The authorized agency submit a written report pursuant to section 587-40; and
(4) Such further orders as the court deems to be in the best interests of the child be entered.
(d) At the continued permanent plan hearing, the court shall proceed pursuant to subsections (a), (b), and (c) until such date as the court determines that:
(1) There is sufficient evidence to proceed pursuant to subsection (b); or
(2) The child's family is willing and able to provide the child with a safe family home, even with the assistance of a service plan, upon which determination the court may:
(A) Revoke the prior award of foster custody to the authorized agency and return the child to the family home;
(B) Terminate jurisdiction;
(C) Award family supervision to an authorized agency;
(D) Order such revisions to the existing service plan as the court, upon such hearing as the court deems to be appropriate and after ensuring that the requirement of section 587-71(h) is satisfied, determines to be in the best interests of the child; provided that a copy of the revised service plan shall be incorporated as part of the order;
(E) Set the case for a review hearing within six months; and
(F) Enter such further orders as the court deems to be in the best interests of the child.
[1] The Hawaii Revised Statutes and the subjects of the court proceedings are numerous.

§ 577-4 Stepparent; when required to support stepchild. A stepparent who acts in loco parentis is bound to provide, maintain, and support the stepparent's stepchild during the residence of the child with the stepparent if the legal parents desert the child or are unable to support the child, thereby reducing the child to destitute and necessitous circumstances.
§ 578-2 Consent to adoption. (a) Persons required to consent to adoption. Unless consent is not required or is dispensed with under subsection (c) hereof, a petition to adopt a child may be granted only if written consent to the proposed adoption has been executed by:
(1) The mother of the child;
(2) A legal father as to whom the child is a legitimate child;
(3) An adjudicated father whose relationship to the child has been determined by a court;
(4) A presumed father under section 578-2(d);
(5) A concerned natural father who is not the legal, adjudicated, or presumed father but who has demonstrated a reasonable degree of interest, concern or responsibility as to the welfare of a child,
. . . .
. . . .
. . . .
(c) Persons as to whom consent not required or whose consent may be dispensed with by order of the court.
. . . .
(2) Persons whose consent may be dispensed with by order of the court. The court may dispense with the consent of a parent who comes within subsection (a) (3), (4), or (5) herein, upon finding that:
(A) The petitioner is the stepfather of the child and the child has lived with the child's legal mother and the petitioning stepfather for a period of at least one year[.]
HRS Chapter 584 is Hawaii's Uniform Parentage Act.
[§ 584-1] Parent and child relationship defined. As used in this chapter, "parent and child relationship" includes the legal relationship existing between a child and the child's natural mother, between a child and father whose relationship as parent and child is established under this chapter, or between a child and the child's adoptive parents, incident to which the law confers or imposes rights, privileges, duties, and obligations.
HRS Chapter 587 is Hawai'i's Child Protective Act.
[§ 587-2 Definitions. When used in this chapter, unless the context otherwise requires:
. . . .
"Family" means each legal parent, the natural mother, the natural father, the adjudicated, presumed, or concerned natural father as defined under section 578-2, each parent's spouse, or former spouses, each sibling or person related by consanguinity or marriage, each person residing in the same dwelling unit, and any other person who or legal entity which is a child's legal or physical custodian or guardian, or who is otherwise responsible for the child's care, other than an authorized agency which assumes such a legal status or relationship with the child under this chapter.
"Family home" means the home of the child's legal custodian where there is the provision of care for the child's physical and psychological health and welfare.
. . . .
"Party" means an authorized agency, the child, the child's family member or members who are required to be summoned pursuant to section 587-32(a), any other member of the child's family, or any other person who is alleged in the petition filed under this chapter or who is subsequently determined at any child protective proceeding to be encouraging, causing, or contributing to the acts or conditions which bring the child within this chapter, and who has been duly served with a summons and a copy of the petition filed under this chapter; provided that the court may limit a party's right to participate in any child protective proceeding if the court deems such limitation of such party's participation to be consistent with the best interests of the child and such party is not a family member who is required to be summoned pursuant to section 587-32(a), except as is provided in section 587-73(b) (4).
"Permanent custody" means the legal status created under this chapter by order of the court after the court has considered the criteria set forth in section 587-73(a) or (e) and determined by clear and convincing evidence that it is in the best interests of the child to order a permanent plan concerning the child.
(1) Permanent custody divests from each legal custodian and family member who has been summoned pursuant to section 587-32(a), and vests in a permanent custodian, each of the parental and custodial duties and rights of a legal custodian and family member, including, but not limited to, the following:
(A) To determine where and with whom the child shall live; provided that the child shall not be placed outside the State without prior order of the court;
. . . .
(E) To provide consent to adoption, change of name pursuant to section 574-5, or to marriage;
. . . .
(2) Unless otherwise ordered by the court, a child's family member shall retain, to the extent that the family member possessed the responsibility prior to the transfer of permanent custody, the continuing responsibility for support of the child, including, but not limited to, repayment for the cost of any and all care, treatment, or any other service supplied or provided by the permanent custodian, any subsequent permanent custodian, other authorized agency, or the court for the child's benefit;
(3) A family member may be permitted visitation with the child at the discretion of the permanent custodian; provided that the exercise of such discretion may be reviewed by the court and the court may order that a family member be permitted such visitation as is in the best interests of the child;
(4) An order of permanent custody entered under this chapter shall not operate to terminate the mutual rights of inheritance of the child and the child's family members or any other benefit to which the child may be entitled, unless and until the child has been legally adopted;
(5) The court, in its discretion, may vest permanent custody of a child in an authorized agency or in subsequent authorized agencies as is deemed to be in the best interests of the child).)
§ 587-32 Summons. (a) After a petition has been filed, the court shall issue a summons requiring a child's family member or members who have legal or physical custody of the child at the time of the filing of the petition to bring the child before the court at the temporary foster custody hearing or on the return date set forth in the summons. In addition, any legal parent, the natural mother (unless the child has been the subject of an adoption), the adjudicated, presumed, or concerned natural father of the child as defined under section 578-2 (unless the child has been the subject of an adoption), and other persons who are to be parties to the child protective proceeding at the time of the filing of the petition also shall be summoned, in the manner provided in this section.
(b) A certified copy of the petition shall be attached to each summons.
(c) The summons shall notify the parties of their right to retain and be represented by counsel.
(d) The summons shall state: "YOUR PARENTAL AND CUSTODIAL DUTIES AND RIGHTS CONCERNING THE CHILD OR CHILDREN WHO ARE THE SUBJECT OF THE ATTACHED PETITION MAY BE TERMINATED BY AWARD OF PERMANENT CUSTODY IF YOU FAIL TO APPEAR ON THE DATE SET FORTH IN THIS SUMMONS."
§ 587-72 Review hearings. (a) Except for good cause shown, the court shall set each case for review hearing not later than six months after the date that a service plan is ordered by the court and, thereafter, the court shall set subsequent review hearings at intervals of no longer than six months until the court's jurisdiction has been terminated or the court has ordered a permanent plan and has set the case for a permanent plan review hearing; the court may set a case for a review hearing upon the motion of a party at any time if the hearing is deemed by the court to be in the best interests of the child.
(b) Notice of review hearings shall be served upon the parties and upon the present foster parent or parents, each of whom shall be entitled to participate in the proceedings as a party. Notice of the review hearing shall be served by the department upon the present foster parent or parents no less than forty-eight hours before the scheduled hearing. No hearing shall be held until the foster parent or parents are served. For purposes of this subsection, notice to foster parents may be effected by hand delivery or by regular mail; and may consist of the last court order, if it includes the date and time of the hearing.
(c) Upon each review hearing the court shall consider fully all relevant prior and current information pertaining to the safe family home guidelines, as set forth in section 587-25, including but not limited to the report submitted pursuant to section 587-40, and:
(1) Determine whether the child's family is presently willing and able to provide the child with a safe family home without the assistance of a service plan and, if so, the court shall terminate jurisdiction;
(2) Determine whether the child's family is presently willing and able to provide the child with a safe family home with the assistance of a service plan and, if so, the court shall return the child or continue the placement of the child in the child's family home under the family supervision of the appropriate authorized agency;
(3) If the child's family home is determined, pursuant to subsection (c) (2) not to be safe, even with the assistance of a service plan, order that the child remain or be placed under the foster custody of the appropriate authorized agency;
(4) Determine whether the parties have complied with, performed, and completed every term and condition of the service plan that was previously court ordered;
(5) Order revisions to the existing service plan, after satisfying section 587-71(h), as the court, upon a hearing that the court deems to be appropriate, determines to be in the best interests of the child; provided that a copy of the revised service plan shall be incorporated as part of the order).]
§ 587-73 Permanent plan hearing. (a) At the permanent plan hearing, the court shall consider fully all relevant prior and current information pertaining to the safe family home guidelines, as set forth in section 587-25, including but not limited to the report or reports submitted pursuant to section 587-40, and determine whether there exists clear and convincing evidence that:
(1) The child's legal mother, legal father, adjudicated, presumed, or concerned natural father as defined under chapter 578 are not presently willing and able to provide the child with a safe family home, even with the assistance of a service plan;
(2) It is not reasonably foreseeable that the child's legal mother, legal father, adjudicated, presumed, or concerned natural father as defined under chapter 578 will become willing and able to provide the child with a safe family home, even with the assistance of a service plan, within a reasonable period of time which shall not exceed two years from the date upon which the child was first placed under foster custody by the court;
(3) The proposed permanent plan will assist in achieving the goal which is in the best interests of the child; provided that the court shall presume that:
(A) It is in the best interests of a child to be promptly and permanently placed with responsible and competent substitute parents and families in safe and secure homes; and
(B) The presumption increases in importance proportionate to the youth of the child upon the date that the child was first placed under foster custody by the court; and
(4) If the child has reached the age of fourteen, the child consents to the permanent plan, unless the court, after consulting with the child in camera, finds that it is in the best interest of the child to dispense with the child's consent.
(b) If the court determines that the criteria set forth in subsection (a) are established by clear and convincing evidence, the court shall order:
(1) That the existing service plan be terminated and that the prior award of foster custody be revoked;
(2) That permanent custody be awarded to an appropriate authorized agency;
(3) That an appropriate permanent plan be implemented concerning the child whereby the child will:
(A) Be adopted pursuant to chapter 578; provided that the court shall presume that it is in the best interests of the child to be adopted, unless the child is or will be in the home of family or a person who has become as family and who for good cause is unwilling or unable to adopt the child but is committed to and is capable of being the child's guardian or permanent custodian;
(B) Be placed under guardianship pursuant to chapter 560; or
(C) Remain in permanent custody until the child is subsequently adopted, placed under a guardianship, or reaches the age of majority, and that such status shall not be subject to modification or revocation except upon a showing of extraordinary circumstances to the court;
(4) That such further orders as the court deems to be in the best interests of the child, including, but not limited to, restricting or excluding unnecessary parties from participating in adoption or other subsequent proceedings, be entered; and
(5) Until adoption or guardianship is ordered, that each case be set for a permanent plan review hearing not later than one year after the date that a permanent plan is ordered by the court, or sooner if required by federal law, and thereafter, that subsequent permanent plan review hearings be set not later than each year, or sooner if required by federal law; provided that at each permanent plan review hearing, the court shall review the existing permanent plan and enter such further orders as are deemed to be in the best interests of the child.
(c) If the court determines that the criteria set forth in subsection (a) are not established by clear and convincing evidence, the court shall order that:
(1) The permanent plan hearing be continued for a reasonable period of time not to exceed six months from the date of the continuance or the case be set for a review hearing within six months;
(2) The existing service plan be revised as the court, upon such hearing as the court deems to be appropriate and after ensuring that the requirement of section 587-71(h) is satisfied, determines to be in the best interests of the child; provided that a copy of the revised service plan shall be incorporated as part of the order;
(3) The authorized agency submit a written report pursuant to section 587-40; and
(4) Such further orders as the court deems to be in the best interests of the child be entered.
(d) At the continued permanent plan hearing, the court shall proceed pursuant to subsections (a), (b), and (c) until such date as the court determines that:
(1) There is sufficient evidence to proceed pursuant to subsection (b); or
(2) The child's family is willing and able to provide the child with a safe family home, even with the assistance of a service plan, upon which determination the court may:
(A) Revoke the prior award of foster custody to the authorized agency and return the child to the family home;
(B) Terminate jurisdiction;
(C) Award family supervision to an authorized agency;
(D) Order such revisions to the existing service plan as the court, upon such hearing as the court deems to be appropriate and after ensuring that the requirement of section 587-71(h) is satisfied, determines to be in the best interests of the child; provided that a copy of the revised service plan shall be incorporated as part of the order;
(E) Set the case for a review hearing within six months; and
(F) Enter such further orders as the court deems to be in the best interests of the child.